Chief Justice Robertson
delivered the opinion-of the Court,
Mbs. Jackson and her two children, brought trover against B.ryan, for selling, as administrator of the deceased husband of ifírs. Jackson, and, father of her co-plaintiffs, some articles of property,, which were exempt from execution, and which aré protected from sale by an administrator;,, by the ac£ of 1.821; I. Digest,,538,.
*309 After it had been proved, that the property had been sold by Bryan, the coart, upon motion, instruct-fed the. jury to find ns in case of non-suit;.and found for the defendant accordingly. ° J
The instruction was obviously erroneous. The act of 1821, declares, that, “every species of property, now exempted by law, from execution, shall, and the same is, hereby exempted from sale by administrators; and such property, so exempted, shall not be considered as assets in the hands of the administrator or administrators, but shall be reserved to the widow and heirs,” &c.
The children did not consent to the sale by the administrator; and, although, an attempt was made to. prove that the widow gave her assent, it wss not shewn that she had given such a sanction to the sale, as should bar her right. She was advised on the day of sale, that the property was liable as assets, and must be sold. She had resisted a sale, and said that she would not submit to it, if she could prevent it. When counseled by those who were at the sale, that she could not prevent it, because the properly constituted assets, for the payment of debts, she withdrew her opposition to the sale of a part of it.
These facts do not divest her of her inlerest’in the value of the articles which were sold. She, was deceived; her information was untrue and delusive; she was a destitute widow, without a knowledge of her legal rights; and only yielded to the advice of those who offered their counsel.
It was the duty of the administrator to forbear. He had.no right to sell, and ought not to lake advantage of her ignorance; it is very evident, that she was opposed toy the sale, and was silenced in her opposition, only, by the overruling advice of others.
The administrator has converted the property, and ghould restore its value.
Besides, the conduct of the mother should not affect tlie children; and, whether, the widow consented freely, was a fact which the j ury had a right to deride.
Sanders, for plaintiff.
Wherefore, the judgment is reversed, and the causo remanded for a new trial.