## MURRAY v. PASOTEX PIPE LINE CO.
### No. 11862.

Circuit Court of Appeals, Fifth Circuit.
April 25, 1947.
Rehearing Denied May 20, 1947.

John J. Watts, of Odessa, Tex., for appellant.

J. F. Hulse, of El Paso, Tex., and William L. Kerr, of Midland, Tex., for appellee.

Before McCORD, WALLER, and LEE, Circuit Judges.

LEE, Circuit Judge.

C. C. Chenoweth, an employee of appellee, while under the influence of intoxicating liquor, drove appellee's truck over a seven-inch curb and thirty feet of sidewalk, through the wall of a hotel, and struck Minnie Lee Murray, wife of appellant, who was at the time in the building. In accord with Texas community property law, appellant filed this suit for damages for the injuries sustained by his wife. Appellant based his wife's claim against appellee upon three theories of negligence: (1) That Chenoweth's negligence was appellee's negligence, as he was on business for appellee at the time. (2) That the appellee was negligent in entrusting its truck to Chenoweth whom appellee knew or should have known to be a habitual drunkard. (3) That appellee was negligent in permitting the accelerator of the truck to become and remain defective. The trial judge, at the close of plaintiff's case, directed a verdict on the ground that the evidence was insufficient to sustain any one of the three theories of negligence. Appealing here, appellant insists that in so ruling the court erred. Our examination of the testimony convinces us that sufficient evidence existed for submission to the jury of the question of defendant's liability on the theory of the entrustment of a dangerous instrumentality to an incompetent. On the other grounds for the motion, we need not rule.

Chenoweth testified that he was a foreman gauger in the employ of the appellee and that his duties were that he should be "available for emergencies" twenty-four hours a day. During the preceding year he was furnished a company truck and often it was used by him for his "personal business". On the day in question he had driven from appellee's camp to the Post Office to get his personal mail and then to a liquor store so that he and a friend could purchase liquor for their personal use. On the return trip from the liquor store to the camp, the collision occurred. While he admitted he was under the influence of intoxicating liquor, he ascribed the cause of the collision to a defective accelerator.

L. E. Ing, who worked under Chenoweth, testified that Chenoweth's drinking was "a regular occasion"; that on one occasion at appellee's "station" Chenoweth was "drunk, crazy drunk"; and that when Ing told Norris, Chenoweth's superior, Chenoweth denied the charge of drunkenness, but Norris told Chenoweth, "Charley, I know your condition, you was too drunk." Ing also told Paret, Norris's superior, that he "did not care to stay to work under a man that stayed drunk all the time."

The Texas Court of Civil Appeals sets out the liability of the owner of a car for the damages resulting from the negligence of an incompetent driver to whom the own-

er entrusts the car, as follows:[1] "While an automobile is not inherently a dangerous instrumentality, and while the general rule prevails that its owner is liable for injuries resulting from negligence committed in the use of it by a servant or agent only under the maxim 'respondeat superior,' an exception to this rule of liability arises when he entrusts it to a person so lacking in competency and skill as to convert it into a dangerous instrumentality when used by such person, whose incompetency is known to the owner when he permits such person to use it. * * *"

The Supreme Court of Texas[2] has reaffirmed this doctrine in these words: "From the above it follows that this case comes within the rule, well established in this jurisdiction, that, if the owner of an automobile, knowing that its brakes are in bad working order, permits another to drive it upon the public highways, he becomes liable for injuries proximately caused by the inadequacy of the brakes. The same principle is applicable if the owner entrusts it to another for use upon the highways knowing that the one to whom it is entrusted is an incompetent and reckless driver. In each instance the owner's liability is based upon his own negligence in entrusting a dangerous instrumentality to another or in entrusting the automobile even though it be in good repair, to a known incompetent, thereby creating an instrument of danger. * * *"

The Texas Court of Civil Appeals has approved the extension of this liability to a situation where the owner might reasonably have anticipated the incompetent driving.[3]

While the record discloses no evidence that the appellee knew that Chenoweth had previously driven while intoxicated, we think that appellee's liability could be predicated upon appellee's reasonable anticipation of Chenoweth's driving while drunk, for the test is not necessarily what appellee actually knew as to whether or not Chenoweth drove while drunk, but the test is what the appellee, in the exercise of reasonable care, should have known. The danger inherent in entrusting a motor vehicle to a drunken driver has been expressed by the Court of Appeals of Kentucky[4] in these words: "It is a matter of common knowledge and observation, if not experience, that excessive use of intoxicants either benumbs the sensibilities or so stimulates the faculties that in either event it brings about a condition interfering with the normal functioning of volitional and reflex powers, thereby rendering the user incapable of responding in action with a readiness consistent with careful operation of a motor vehicle. It is likewise a matter of common knowledge that a drunken driver is ordinarily reckless, heedless, and indifferent to the consequence of his acts; and the same care and caution that causes people generally to refuse or hesitate to enter an automobile as either a guest or a passenger with such a driver should be exercised in intrusting such vehicle to him."

In Worsham-Buick Co. v. Isaacs et al., the Texas law applicable here is thus summarized:[5] " * * * Neither the question of agency, nor whether at the time [Chenoweth] was acting within the scope of his employment, is involved, but the question is: Did [appellee] owe any duty to individuals who might be upon or traveling over highways, to exercise reasonable care to see to it that [he] to whom it intrusted its car(s) for use upon the public highways, [is a] competent sober driver(s)? We think [appellee] did owe such duty, and if, through its failure to discharge same, [Chenoweth] was permitted to [use] its car, and becoming drunk, by reckless abandoned driving * * * [injured plaintiff's wife] * * * [appellee] would be liable. * * *"

For the reasons assigned, the judgment appealed from is reversed, and the cause is

[1] Lang Floral & Nursery Co. v. Sheridan, Tex.Civ.App., 1922, 245 S.W. 467, 471, error dismissed.

[2] Russell Const. Co. v. Ponder et ux., 1945, 143 Tex. 412, 186 S.W.2d 233, 235.

[3] Allen v. Bland, Tex.Civ.App., 1914, 168 S.W. 35, 37, 38, error refused.

[4] Brady et ux. v. B. & B. Ice Co. et all., 1931, 242 Ky. 138, 45 S.W.2d 1051, 1053.

[5] Tex.Civ.App., 56 S.W.2d 288, 295, reversed on other grounds in Worsham-Buick Co. v. Isaacs et al., 1935, 126 Tex. 546, 87 S.W.2d 252.

**8**

remanded with instruction to grant a general new trial.

Reversed and remanded.