363 So.2d 571 (1978)
Mary M. Cummins ANGELL, Formerly Mary M. Cummins, As Administratrix of the Estate of Robert A. Cummins, Sr., Deceased, Appellant,
v.
F. AVANZINI LUMBER CO., a Florida Corporation and Donald Kabrich, an Individual, Appellees.
No. 77-1643.
District Court of Appeal of Florida, Second District.
September 22, 1978.
As Modified on Denial of Rehearing October 25, 1978.
Gregory L. Macy, of Hamilton, Douglas & Bennett, Tampa, for appellant.
*572 John H. Piccin, of Pattillo, MacKay & McKeever, Ocala, for appellees.
HOBSON, Acting Chief Judge.
Appellant/plaintiff, Mary M. Cummins Angell, as administratrix of the estate of Robert A. Cummins, Sr., deceased, appeals the dismissal of her second amended complaint for failure to state a cause of action. The complaint contained two counts: 1) common law negligence, and 2) negligence based upon appellees' breach of Section 790.17, Florida Statutes, which forbids the sale of weapons to minors and persons of unsound mind. We reverse as to count one and affirm as to count two.
For the purposes of this opinion we accept the facts as alleged in appellant's amended complaint. They present the following scenario: On October 20, 1975, Cynthia Rose Hartley entered the business of Avanzini Lumber Company, a dealer in firearms. Her eyes were glazed and she was laughing and giggling as she hugged and kissed one of the employees who was a total stranger to her. At her request, appellee Kabrich, an employee in the store, handed Ms. Hartley a .30 caliber rifle which she then repeatedly aimed at Kabrich's head, pulling the trigger. After one such episode, she stated that since she had shot Kabrich she would have to bury him. Ms. Hartley then demanded ammunition and, despite numerous admonitions by appellee Kabrich, she repeatedly attempted to load the rifle. At this juncture, Kabrich called the Citrus County Sheriff's Department and told the duty officer that a woman was at the store to buy a rifle and was acting strangely. The deputy advised Kabrich that he did not have to sell the rifle to Ms. Hartley. However, Kabrich decided to sell the rifle and ammunition to Ms. Hartley. Shortly thereafter, she used this rifle to shoot and kill appellant's decedent who was not an employee of Avanzini Lumber Company.
No one disputes that in order for Count I of appellant's complaint to withstand a motion to dismiss, it must contain three elements: 1) existence of a duty on the part of defendant to protect plaintiff from injury, 2) failure of the defendant to perform this duty, and 3) injury to the plaintiff resulting from such failure. Simon v. Tampa Electric Co., 202 So.2d 209 (Fla.2d DCA 1967). We believe the first two elements are clearly shown and appellees do not argue to the contrary. The issue here is whether the intervening criminal act of Ms. Hartley relieved appellees from their liability to appellant's decedent. In other words, was the sale of the firearm and ammunition to Ms. Hartley a proximate cause of the injury? Our supreme court has held that the test for determining proximate cause is foreseeability. Nicholas v. Miami Burglar Alarm Co., Inc., 339 So.2d 175 (Fla. 1976). The question then is, could appellee Kabrich have reasonably foreseen the consequences of the sale? In view of Ms. Hartley's erratic behavior and appellee Kabrich's subsequent phone call to the sheriff's department, we believe that appellees could have foreseen that injury to someone was highly probable. Indeed, the facts which appellant alleged show that appellee Kabrich was even apprehensive of his own safety under the circumstances. We therefore hold that appellees' liability to appellant's decedent was not cut off by the intervening act of a third party and thus appellant has stated a cause of action in her complaint.
We affirm dismissal of Count II as the facts alleged were insufficient to state a cause of action under Section 790.17. We reverse dismissal of Count I and remand for further proceedings.
SCHEB and OTT, JJ., concur.