365 So.2d 177 (1978)
Judy WERNDLI, Appellant,
v.
The GREYHOUND Corporation, a Delaware Corporation, Appellee.
No. 78-252.
District Court of Appeal of Florida, Second District.
November 17, 1978.
Rehearing Denied December 15, 1978.
John B. Cechman of Goldberg, Rubinstein & Buckley, Fort Myers, for appellant.
*178 Gerald W. Pierce of Henderson, Franklin, Starnes & Holt, Fort Myers, for appellee.
DANAHY, Judge.
The issue before us is whether The Greyhound Corporation was under a duty to warn appellant at the inception of her trip that the bus on which she was traveling would deposit her in a closed, locked and darkened terminal at her destination. We believe that Greyhound did have that duty and accordingly reverse the order of the trial court dismissing appellant's amended complaint.
Appellant filed suit against Greyhound seeking damages for injuries sustained as a result of an attack by a third party near the Greyhound bus terminal in Fort Myers. Her amended complaint set forth the following facts which we must accept as true:
Appellant purchased a ticket for herself and her young son at the Greyhound bus terminal in St. Petersburg for a trip which would terminate at the Greyhound bus terminal in Fort Myers. The bus departed on schedule at approximately 11:30 p.m. and, after scheduled intermediate stops, arrived at the Fort Myers terminal at approximately 4:15 a.m. When she alighted from the bus after her long ride, appellant observed that the station and restrooms were darkened, closed, and locked. Because she needed to use bathroom facilities and also wished to obtain a cold drink for her thirsty son, appellant left the terminal facilities to cross to a lighted service station. As she walked away from the terminal, she was attacked by an unknown person who caused her severe injuries. The terminal was located in a high crime area of Fort Myers.
The trial judge dismissed the amended complaint because of the failure to allege violation of a duty which Greyhound owed appellant.
Greyhound agrees with appellant that a common carrier is required to exercise the "highest degree of care, foresight, prudence and diligence reasonably demanded at any time by the conditions or circumstances then affecting the passengers and the carrier." Whitman v. Red Top Sedan Service, Inc., 218 So.2d 213 (Fla. 3d DCA 1969). Greyhound maintains, however, that any duty on its part terminated absolutely when appellant left its premises after completing her trip. We find it unnecessary to address that point because Greyhound's duty arose and was breached at the time appellant purchased her ticket. A common carrier is under a duty to warn passengers of dangers which are reasonably foreseeable and which might cause harm.[1] This is especially true in situations where the passenger would not, in the exercise of reasonable care, be likely to anticipate and apprehend the danger. Tietz v. Inter. Ry. Co., 186 N.Y. 347, 78 N.E. 1083 (1906). Inasmuch as Greyhound knew or should have known that its Fort Myers terminal was located in a high crime area and would be darkened, closed, and locked at the time appellant was due to arrive there in the middle of the night, we believe that Greyhound should have warned or informed appellant of such a potentially dangerous condition in order that she might take that fact into consideration before purchasing her ticket and leaving St. Petersburg.
For these reasons we reverse and remand this case for reinstatement of the amended complaint and for further proceedings consistent with this opinion.
BOARDMAN, Acting C.J., and RYDER, J., concur.
NOTES
[1] Greyhound has not argued that it is relieved from liability because appellant's injuries resulted from the intervening criminal act of a third party. We note that the test in such a case is whether the possibility or likelihood of such criminal conduct could reasonably have been foreseen. Angell v. Avanzini Lumber Co., 363 So.2d 571 (Fla. 2d DCA 1978); Kenny v. Southeastern Pennsylvania Transp., 581 F.2d 351 (3d Cir.1978). The last cited case dealt with a criminal attack in a darkened terminal, a situation different from that involved sub judice and not addressed in this opinion.