412 So.2d 384 (1982)
Judy WERNDLI, Appellant,
v.
GREYHOUND LINES, INC., a Delaware Corporation, Samuel W. Banks and American Home Assurance Company, a Foreign Corporation, Appellees.
No. 81-874.
District Court of Appeal of Florida, Second District.
March 10, 1982.
Rehearing Denied April 14, 1982.
*385 John B. Cechman and Bruce D. Frankel of Goldberg, Rubinstein & Buckley, Fort Myers, for appellant.
Charles P. Schropp of Shackleford, Farrior, Stallings & Evans, Tampa, for appellee Greyhound Lines, Inc.
Gerald W. Pierce of Henderson, Franklin, Starnes & Holt, Fort Myers, for appellees Samuel W. Banks and American Home Assurance Co.
DANAHY, Judge.
This case is before us for the second time. On the first appeal,[1] we reversed an order of the trial court dismissing appellant's amended complaint against appellee The Greyhound Corporation (Greyhound). In our earlier opinion, we said:
Appellant filed suit against Greyhound seeking damages for injuries sustained as the result of an attack by a third party near the Greyhound bus terminal in Fort Myers. Her amended complaint set forth the following facts which we must accept as true:
Appellant purchased a ticket for herself and her young son at the Greyhound bus terminal in St. Petersburg for a trip which would terminate at the Greyhound bus terminal in Fort Myers. The bus departed on schedule at approximately 11:30 p.m. and, after scheduled intermediate stops, arrived at the Fort Myers terminal at approximately 4:15 a.m. When she alighted from the bus after her long ride, appellant observed that the station and restrooms were darkened, closed, and locked. Because she needed to use bathroom facilities and also wished to obtain a cold drink for her thirsty son, appellant left the terminal facilities to cross to a lighted service station. As she walked away from the terminal, she was attacked by an unknown person who *386 caused her severe injuries. The terminal was located in a high crime area of Fort Myers.
... .
... Inasmuch as Greyhound knew or should have known that its Fort Myers terminal was located in a high crime area and would be darkened, closed, and locked at the time appellant was due to arrive there in the middle of the night, we believe that Greyhound should have warned or informed appellant of such a potentially dangerous condition in order that she might take that fact into consideration before purchasing her ticket and leaving St. Petersburg.
365 So.2d 177, 178.
Subsequent to our remand for further proceedings, appellant joined appellees Samuel W. Banks and his insurer (Banks) as additional defendants. Banks is the sublessee of the Fort Myers Greyhound terminal and operates it for Greyhound.
After substantial pretrial discovery, the trial judge entered a final summary judgment for Greyhound and Banks, reciting the following ground:
The court finds, as a matter of law, that the undisputed facts show that the Fort Myers Greyhound bus terminal is not located in a "high-crime area" and therefore these defendants did not breach any duty owed to this plaintiff.
In Drake v. Sun Bank & Trust Co., 377 So.2d 1013 (Fla.2d DCA 1979), we discussed the circumstances under which one party will be liable for the consequences of a criminal attack on another. As we pointed out in that case, liability does not exist unless the criminal event was foreseeable.[2] In our earlier opinion in this case we accepted as true appellant's allegation that the Fort Myers Greyhound terminal was located in a high crime area and tacitly held that the occurrence of a criminal event in a high crime area is reasonably foreseeable.
The trial judge considered all of the evidence adduced by appellant and concluded as a matter of law that it was insufficient to establish that the Fort Myers terminal was located in a high crime area. We believe that determination should be submitted to a jury. There is no magic meaning to the words "high crime area." The issue remains one of foreseeability and we believe that appellant's evidence was sufficient to create an issue for a jury to decide; that is, whether a criminal attack on appellant was reasonably foreseeable by Greyhound under the circumstances. Accordingly, we reverse the final summary judgment insofar as Greyhound is concerned.
However, we affirm as to Banks. In our earlier opinion, we held that Greyhound could have met its duty to appellant by warning her at the inception of her trip that its Fort Myers terminal would be darkened, closed, and locked at the time appellant was due to arrive there in the middle of the night. We specifically did not hold that Greyhound was obliged to have the terminal open and its facilities available to appellant upon her arrival.[3] Extensive research has revealed no authority for the proposition that Banks, as an independent operator of the terminal, owed a duty to appellant as an arriving Greyhound passenger to have the terminal open at the time of her arrival. We believe that Banks owed no higher duty than did Greyhound; if Greyhound had no duty to assure that the terminal would be open at the time of appellant's arrival, neither did Banks. Unlike Greyhound, Banks had no opportunity to warn appellant prior to her trip that the terminal would be closed upon her arrival.
*387 AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
SCHEB, C.J., and RYDER, J., concur.
NOTES
[1] Werndli v. Greyhound Corp., 365 So.2d 177 (Fla.2d DCA 1978).
[2] The subject of foreseeability of criminal acts is discussed at length in Reichenbach v. Days Inn of America, Inc., 401 So.2d 1366, 1369 n. 13 (Fla. 5th DCA 1981) (Cowart, J., concurring specially).
[3] It has been held that the high degree of care owed its passengers by a carrier applies only to actual transportation and not to terminal or station premises provided by the carrier. Neering v. Illinois Cent. Ry., 383 Ill. 366, 50 N.E.2d 497 (1943). Contra, Fort Worth & DC Ry. v. Brown, 205 S.W. 378 (Tex.Civ.App. 1918); Tate v. Illinois Cent. Ry., 26 Ky. 309, 81 S.W. 256 (1904) (criminal assault of passenger in train depot); Eastern Airlines v. Dixon, 310 So.2d 336, 338 (Fla.3d DCA 1975) (Hendry, J., concurring specially).