ROBERT P. SMITH, Jr., Chief Judge.
We affirm the trial court’s order dismissing appellant’s third amended complaint, with prejudice, for failure to state a cause of action arising out of the defendant gun dealer’s sale of a .38 caliber pistol to one Bullard in circumstances that are alleged to have placed the dealer on notice that the real purchaser was Bullard’s companion in the store, Fitzpatrick. Fitzpatrick used the gun 10 days later in a crime and, while doing so, shot plaintiff’s decedent. While the circumstances alleged in the complaint may well have put the dealer on notice that Fitzpatrick was the true buyer, so placing upon the dealer an obligation to require identity proof from Fitzpatrick under federal law, the chain of foreseeable circumstances ends there. The complaint insufficiently explicates its conclusory allegations that the circumstances put the gun dealer on notice that both Bullard and Fitzpatrick were persons of “unsound mind” to whom a gun sale is prohibited by section 790.17, Florida Statutes (1979), or that they were otherwise dangerous. Cf. Angell v. F. Avanzini Lumber Company, 363 So.2d 571 (Fla. 2d DCA 1978).
It is not clear whether the trial court’s observations about the vagueness of the statutory term “unsound mind” amounted to a declaration that the statute is unconstitutionally vague; since we find it unnecessary to reach that question, we construe the trial court’s observations as observations only, equally unnecessary to and not a part of the decision. •
AFFIRMED.
ERVIN and SHAW, JJ., concur.