Edward L. KENNEDY and David
Kennedy, Appellants,

v.

Lloyd BAIRD, Appellee.

No. 08–83–00316–CV.

Court of Appeals of Texas,
El Paso.

Nov. 14, 1984.

Michael R. Milligan, Charles E. Anderson, El Paso, for appellants.

Stephen B. Tatem, Jr., Scott, Hulse, Marshall, Feuille, Finger & Thurmond, El Paso, for appellee.

Before WARD, OSBORN and SCHULTE, JJ.

OPINION

WARD, Justice.

Two plaintiffs, who were intentionally shot by the defendant's adult son, sued for their personal injuries and car damage mainly on the theory of negligent entrustment of the rifle by the father to the son. Summary judgment was entered in favor of the defendant-father. We are of the opinion that the summary judgment proof established that the defendant had no forewarning of his son's criminal behavior on the occasion and that the summary judgment was proper. We affirm.

The Appellee Lloyd Baird resided with his wife, his son John and two other sons at 5735 Waycross in El Paso. John was twenty years of age. Appellants alleged in their petition that on October 1, 1982, while in Appellant David Kennedy's car, they were shot at by John Baird when they turned into the Appellee's driveway. They alleged and proved that John Baird continued to shoot at the Appellants as they drove away from Appellee's house and that at least five shots were fired. As a result of the shooting, the Appellant Edward L.

Kennedy was shot in the forehead and Appellant David Kennedy suffered an eye injury and damage to his automobile. Appellants brought suit seeking damages, and in their petition they presented two theories of recovery against the defendant-father. The first theory was based on Appellee's capacity as a land owner and an alleged breach of duty to Appellants with regard to unsafe premises. The second theory of recovery was apparently based on Appellee's alleged negligent entrustment of the rifle to his son John.

■ By their first point, Appellants complain that the summary judgment should not have been granted because the facts in the case had not been sufficiently well developed. Under this point and under the balance of their points, the Appellants argue that no discovery had taken place, and since the son was charged with a crime, they could not have obtained his affidavit or deposition in the face of his privilege. Outside of the record, they further state that after the hearing they obtained the transcript of a witness in the son's criminal trial that refuted the Appellee's affidavit. The matters outside the record are challenged by the Appellee. The Appellants have failed to make any showing as to any other evidence they might have obtained that could have helped them nor did they file any motion for new trial on "newly discovered evidence." Under this point, nothing is presented for review and the point is overruled.

■ The balance of the Appellants' points can be summarized as complaints that the Appellee failed in his summary judgment proof and did not establish as a matter of law that there were no genuine issues of fact. A defendant who moves for summary judgment has the burden of showing as a matter of law that no material issue of fact exists as to the plaintiff's cause of action. *Williams v. Chaney*, 620 S.W.2d 809 (Tex.Civ.App.—El Paso 1981, writ ref'd n.r.e.). This may be accomplished by summary judgment evidence that at least one of the elements of a plaintiff's cause of action has been estab-

lished conclusively against the plaintiff. *Gibbs v. General Motors Corporation*, 450 S.W.2d 827 (Tex.1970). It was by this manner that the Appellee proceeded.

The Appellants' first theory of recovery against Appellee is based on an alleged breach of a land owner's duty to maintain safe premises, as the alleged shooting took place on Appellee's property. This case does not concern a negligent defect in the premises, but only an intentional shooting not related to any premise defect. The real basis of the Appellants' cause of action was one of negligent entrustment by the father of the rifle to the son.

■ Appellee's counsel is correct in stating that there is no prior precedent in Texas to establish a negligent entrustment of a firearm cause of action. However, Texas has long had a cause of action for negligent entrustment of an automobile. *Mundy v. Pirie-Slaughter Motor Company*, 146 Tex. 314, 206 S.W.2d 587 (1947); *Russell Construction Company v. Ponder*, 143 Tex. 412, 186 S.W.2d 233 (1945); *LaRoque v. Sanchez*, 641 S.W.2d 298 (Tex. App.—El Paso 1982, writ ref'd n.r.e.); *Murray v. Pasotex Pipe Line Co.*, 161 F.2d 5 (5th Cir.1947). The establishment of the negligent entrustment of an automobile theory of recovery was developed by the courts because of the realization that one who entrusts an automobile to another owes a duty to the general public not to be negligent in such entrustment. An automobile when in the hands of one who is not competent to handle it becomes a threat to the general public, and the owner of the automobile who is negligent in the entrustment should be liable to the injured party provided that causation can be shown. The owner's liability does not arise out of a vicarious relationship, rather it arises out of the negligence of the owner in entrusting the automobile to another.

A firearm is a deadly weapon per se, Tex.Penal Code sec. 1.07(a)(11)(A) (Vernon 1974), and under certain circumstances, the owner may be charged with responsibility for the use made of it where the control of the weapon has passed to another. 79 Am.

Jur.2d Weapons and Firearms, sec. 38, p. 40 (1975). Most of the cases involve entrustment of the weapon to a minor child, but there are exceptional cases where the entrustment of the weapon was to an adult. Thus, a cause of action was recognized where there was the sale of a firearm to a person obviously demented who immediately used the weapon to kill a third person. *Angell v. F. Avanzini Lumber Co.*, 363 So.2d 571 (Dist.Ct.App.—Florida 1978).

Potential liability in such a situation is recognized by Restatement of Torts Second sec. 390 (1965):

Chattel for Use by Person Known to be Incompetent

One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.

The Appellee's summary judgment proof consisted of his own affidavit which stated that he resided in his home with his wife, two minor sons and his adult son John who did the shooting; the adult son was self-employed, had his own car and the Appellee seldom saw him; on the occasion in question, the Appellee arrived home for his evening meal and did not remember seeing John at the meal but remembers the other members of the family all going out that night and that he was alone in the house asleep in his den; he was awakened after 9:00 p.m. when he heard some noise at the front of the house and the incident was over when he went outside and saw his son John. The affidavit continues as follows:

I have no knowledge that at any time before October 1, 1982 JOHN BAIRD had ever used or fired a weapon at any car or person. I had absolutely no knowledge of JOHN's physical condition before I went outside on the night of October 1, 1982, or whether he had or

had not been drinking. I have no personal knowledge of any incident where JOHN BAIRD has ever used a weapon or gun against anyone at any time before the events of the evening of October 1, 1982 allegedly occurred. In my opinion, JOHN BAIRD does not have a violent temper, and I know of no occasion, nor do I have any personal knowledge, where JOHN displayed a violent temper prior to the events on the evening of October 1, 1982 that allegedly occurred.

During the time that JOHN has lived in my house, neither his mother nor I had any indication that he would attempt to use a weapon or gun against someone else. I have kept in my home at 5735 Waycross 30-caliber rifle, which I have intended to use as a deer rifle, and to my knowledge, the rifle has never been fired. Both JOHN and his brother own a 22-caliber rifle, which they have had for a number of years that have only been used, to my knowledge, in the desert to shoot at cans or targets. Both JOHN's mother and I have never had any knowledge that either the 22 or 30-caliber rifles were ever fired in the city or at either a person or a car at any time before the evening of October 1, 1982. I have absolutely no knowledge of the conduct of JOHN BAIRD or his physical condition at any time on the day of October 1, 1982 before I was awakened from my easy chair and went outside to the front yard of my home.

Appellants responded to this affidavit with ones which indicate that the adult son had pushed a fifteen-year-old boy down on one occasion and another that he had a reputation for having a violent temper.

We are of the opinion that the Appellee's affidavit was clear, positive and direct as to his knowledge to show he breached no duty to the Appellants. The summary judgment was proper as it proved the absence of one key element of the Appellants' cause of action, the actual knowledge by the Appellee of his son's propensity to commit the act complained of or to use the rifle dan-

gerously. Restatement of Torts Second sec. 390(b) (1965).

We have considered all of the Appellants' points and they are all overruled. The judgment of the trial court is affirmed.