**NATIONAL CONVENIENCE STORES, INC., et al., Appellant,**

v.

**T.T. BARGE CLEANING COMPANY, Appellee.**

No. 05–91–02117–CV.

Court of Appeals of Texas, Dallas.

July 7, 1994.

Rehearing Denied Aug. 30, 1994.

Glenn A. Ballard, Jr., Houston, P. Michael Jung, Steven A. Springer, James W. Grau, Dallas, Allan D. Goldstein, Houston, for appellant.

John A. MacKintosh, G. Luke Ashley, Dallas, Edward J. Murphy, Houston, John F. Waldo, Salt Lake City, UT, for appellee.

Before BAKER, OVARD and MALONEY, JJ.

## OPINION

BAKER, Justice.

National Convenience Stores sued several entities for damages resulting from its purchase of contaminated ethanol blended gasoline. In this appeal, NCS contends the trial court erred by disregarding the jury finding on its negligent entrustment claim against T.T. Barge. NCS claims the trial court erred in concluding that negligent entrustment does not apply because the case involves a sale. It argues section 390 of the Restatement (Second) of Torts allows recovery for negligent entrustment in sales. NCS claims most states recognize a negligent entrustment claim in sales. NCS claims *Rush v. Smitherman*, 294 S.W.2d 873 (Tex.Civ. App.—San Antonio 1956, writ ref'd), no longer controls whether negligent entrustment applies in sales in Texas. T.T. Barge argues the *Rush* decision controls this case. We find the *Rush* decision controls this case and dictates our decision. Texas does not recognize a cause of action for negligent entrustment in sales. We overrule NCS's sole point of error and affirm the trial court's judgment.

### FACTUAL BACKGROUND

T.T. Barge is in the business of cleaning barges on the Mississippi River. T.T. Barge sells the liquid cargo stripped from barges for recycling. T.T. Barge sold its stripped cargo to Bull Chemical. T.T. Barge knew Bull Chemical recycled the stripped cargo for resale as ethanol. In 1987, T.T. Barge sold contaminated ethanol to Bull Chemical for one-half cent per gallon. Bull Chemical, through a middleman, sold the contaminated ethanol to Tropicana Energy. Tropicana resold it to NCS as ethanol blended gasoline.

NCS received complaints from customers who purchased fuel from its stores in the Dallas/Fort Worth area. NCS contacted Tropicana to determine what was wrong with the gasoline. Meanwhile, the number of customer complaints increased. Customers complained of cars stalling, hesitating, and ceasing to run. Several days later NCS stopped selling fuel at the locations where complaining customers had purchased gas. Eventually, Tropicana publicly announced the fuel contained caustic soda.

NCS sued Tropicana, Bull Chemical, T.T. Barge and others for damages it suffered because of the contaminated ethanol. NCS

sought recovery for money paid to satisfy customer claims, property damage, and lost profits. The jury determined the percentages of liability at: (1) Tropicana eighty-five percent; (2) Bull Chemical five percent; (3) NCS ten percent; and (4) T.T. Barge zero percent. The jury found T.T. Barge negligently entrusted the contaminated ethanol to Bull Chemical. T.T. Barge moved for the trial court to disregard the jury's negligent entrustment finding and for judgment n.o.v. T.T. Barge argued negligent entrustment did not apply because it sold the contaminated ethanol and because the jury did not make a proximate cause finding. The trial court granted T.T. Barge's motion for judgment n.o.v.

## STANDARD OF REVIEW

■ The trial court should disregard jury findings and grant a motion for judgment n.o.v. when: (1) the evidence is conclusive, and the law entitles one party to recover as a matter of law; or (2) when a legal principle prevents recovery. *John Masek Corp. v. Davis,* 848 S.W.2d 170, 173 (Tex.App.—Houston [1st Dist.] 1992, writ denied); *Graphilter Corp. v. Vinson,* 518 S.W.2d 952, 953 (Tex. Civ.App.—Dallas 1975, writ ref'd n.r.e.).

## APPLICABLE LAW

Section 390 provides:

One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.

RESTATEMENT (SECOND) OF TORTS § 390 (1965). Comment (a) to section 390 states that the rule applies to sellers of chattels.

The San Antonio court of appeals found negligent entrustment did not apply in a sale. *Rush,* 294 S.W.2d at 875. The court found the then applicable section 390 only applied to bailments. The court pointed out the illustrations of section 390 concerned only bailments. *Rush,* 294 S.W.2d at 875. The court also found all other jurisdictions limited application of negligent entrustment to bailments. *Rush,* 294 S.W.2d at 875. The court discussed the difference between a sale and a bailment. The court found the difference to be the inability of the seller to control the chattel once he sells it. *Rush,* 294 S.W.2d at 878.

NCS argues the factors the *Rush* court relied on have changed. The current version of section 390 provides that all suppliers of chattels are liable for negligent entrustment. Comment (a) to section 390 specifically states the rule applies to sellers. RESTATEMENT (SECOND) OF TORTS § 390, comment (a) (1965). An illustration of section 390 discusses negligent entrustment in the sale of a chattel. Additionally, several states allow recovery for negligent entrustment in sales based on section 390. *See e.g., Jacoves v. United Merchandising Corp.* 9 Cal.App.4th 88, 11 Cal.Rptr.2d 468, 485 (1992); *Guay v. Winner,* 154 Misc.2d 71, 584 N.Y.S.2d 400, 402 (Sup.Ct.1992); *Vince v. Wilson,* 151 Vt. 425, 561 A.2d 103, 104–05 (1989); *Bernethy v. Walt Failors, Inc.,* 97 Wash.2d 929, 653 P.2d 280, 283 (1982).

## APPLICATION OF LAW
## TO THE FACTS

■ We agree that the current section 390 of the Restatement (Second) of Torts allows recovery for negligent entrustment in a sale. However, Texas has not adopted section 390 of the Restatement (Second) of Torts. NCS bases its argument for recovery under negligent entrustment solely on section 390. The *Rush* court relied on section 390 and that section has changed. However, the change in section 390 is irrelevant because Texas has never adopted it. The states that apply negligent entrustment to sales rely on statutes or section 390. We believe NCS correctly argues the underpinnings of the *Rush* decision have eroded. Nonetheless, without Texas adopting the revised section 390, *Rush* dictates we find negligent entrustment does not apply in the sale of chattels.

The Texas Supreme Court's *refusal* to grant an application for writ of error shows the court of appeals' judgment and interpretation of the law in the opinion were correct. The supreme court adopts the reasoning of such opinions. *See State ex rel. McWilliams v. Town of Oak Point,* 579 S.W.2d 460, 462

(Tex.1979); *Myers v. Gulf Coast Minerals Management Corp.,* 361 S.W.2d 193, 196 (Tex.1962). The courts of appeals, as intermediate courts, must follow supreme court decisions on controlling law until the supreme court changes the law. *W.W. Rodgers & Sons Produce Co. v. Johnson,* 673 S.W.2d 291, 295 (Tex.App.—Dallas 1984, no writ).

■ Texas recognizes a negligent entrustment cause of action if a plaintiff shows: (1) entrustment of a chattel by an owner; (2) to an incompetent person; (3) that the owner knew or should have known was incompetent; (4) the person was negligent; and (5) that the person's negligence proximately caused the accident. *See Mundy v. Pirie-Slaughter Motor Co,* 206 S.W.2d 587, 591 (1947). Traditionally, Texas applies negligent entrustment solely to vehicles, but in a few instances courts have applied it to other chattels. *See e.g., Kennedy v. Baird,* 682 S.W.2d 377 (Tex.App.—El Paso 1984, no writ). The Texas cause of action does not hold a seller of a chattel liable under negligent entrustment.

Precedent dictates we find negligent entrustment does not apply to the sale of a chattel. We overrule NCS's sole point of error. We affirm the trial court's judgment.