# IN THE SUPREME COURT OF TEXAS

## No. 19-0497

## IN RE ACADEMY, LTD. D/B/A ACADEMY SPORTS + OUTDOORS

### ON PETITION FOR WRIT OF MANDAMUS

JUSTICE BOYD, concurring.

After Congress passed the federal Protection of Lawful Commerce in Arms Act (PLCAA) in 2005, the National Rifle Association praised it as "the most significant piece of pro-gun legislation in twenty years."[1] Not surprisingly, others criticized it as bad legislation "based on flawed reasoning"[2] and as "a political stunt meant to assuage the concerns of those on both sides of the gun debate without actually doing anything of substance."[3] Whatever one's policy views may be, and whatever effect the PLCAA may (or may not) have on current issues of gun rights and gun violence, our obligation as Texas's civil court of last resort is simply to construe and apply the Act correctly.

---

[1] Daniel P. Rosner, *In Guns We Entrust: Targeting Negligent Firearms Distribution*, 11 DREXEL L. REV. 421, 424–25 (2018) (quoting Nat'l Rifle Ass'n Pol. Victory Fund, *President Bush Signs "Protection of Lawful Commerce in Arms Act" Landmark NRA Victory Now Law*, NRA-PFV (Oct. 26, 2005), https://www.nrapvf.org/articles/20051026/president-bush-signs-protection-of-lawful-commerce-in-arms-act-landmark-nra-victory-now-law).

[2] *Id.* at 445.

[3] Alden Crow, *Shooting Blanks: The Ineffectiveness of the Protection of Lawful Commerce in Arms Act*, 59 SMU L. REV. 1813, 1839 (2006).

For the reasons the Court explains, I agree that the PLCAA bars the plaintiffs' claims in this case for negligence, negligent hiring, training, and/or supervision, and gross negligence. But I do not agree that the Act bars the plaintiffs' claim for negligent entrustment. To the contrary, the Act expressly excepts negligent-entrustment claims from the bar it otherwise imposes. The Court holds that the Act bars the negligent-entrustment claim because that claim is not viable under Texas law. *Ante* at ___. In its view, Texas common law determines whether the PLCAA's exception applies. *Ante* at ___. But our precedent and the Act itself require us to apply the Act's own language, not Texas common law, to determine whether the Act's exception applies. The Act defines the claims it prohibits, provides an exception from that prohibition for "negligent entrustment" claims, expressly defines "negligent entrustment," and refuses to create a federal cause of action for negligent entrustment. Because the negligent-entrustment claim the plaintiffs assert in this case matches the Act's definition of "negligent entrustment," the claim falls within the Act's exception and the Act does not bar the claim.

Nevertheless, I concur in the Court's judgment because Texas law does not recognize the negligent-entrustment claim the plaintiffs have asserted. That claim falls squarely within the PLCAA's definition of (and exception for) negligent entrustment, so the PLCAA does not bar it, but it fails because Texas law does not recognize it and the PLCAA does not authorize it. The claim must be dismissed under Texas law, but not because the PLCAA bars it.

## I.
## The PLCAA

The PLCAA bluntly prohibits any "qualified civil liability action" against a seller or manufacturer, in which a claimant seeks relief for harm resulting from a third party's unlawful

misuse of a firearm or ammunition.[4] 15 U.S.C. §§ 7902(a), 7903(5)(A). But it expressly excludes actions "against a seller for negligent entrustment" from the phrase "qualified civil liability action." *Id.* § 7903(5)(A)(ii). So the Act does not bar a negligent-entrustment claim, even though such a claim otherwise constitutes a qualified civil liability action.

Here, the plaintiffs have sued a company that sold a firearm and ammunition for negligently entrusting the products to the buyer. As silly as it sounds, the issue is whether the plaintiffs' action against a seller for negligent entrustment is an action "against a seller for negligent entrustment." On its face, of course, the question answers itself: the plaintiffs pleaded a claim against a seller for negligent entrustment, and the Act expressly provides that it does not bar that claim. But because "words can have more than one meaning," *Jaster v. Comet II Const., Inc.*, 438 S.W.3d 556, 563 (Tex. 2014) (plurality op.), we must decide what "negligent entrustment" means under the Act and whether the plaintiffs' claim fits within that meaning.

The PLCAA expressly defines "negligent entrustment" as

> the supplying of a qualified product by a seller for use by another person when the seller knows, or reasonably should know, the person to whom the product is supplied is likely to, and does, use the product in a manner involving unreasonable risk of physical injury to the person or others.

---

[4] More specifically, the PLCAA states, "A qualified civil liability action may not be brought in any Federal or State court." 15 U.S.C. § 7902(a). It defines "qualified civil liability action" to mean "a civil action or proceeding or an administrative proceeding brought by any person against a manufacturer or seller of a qualified product, or a trade association, for damages, punitive damages, injunctive or declaratory relief, abatement, restitution, fines, or penalties, or other relief, resulting from the criminal or unlawful misuse of a qualified product by the person or a third party." *Id.* § 7903(5)(A). The phrase "qualified product" means "a firearm (as defined in subparagraph (A) or (B) of section 921(a)(3) of title 18), including any antique firearm (as defined in section 921(a)(16) of such title), or ammunition (as defined in section 921(a)(17)(A) of such title), or a component part of a firearm or ammunition, that has been shipped or transported in interstate or foreign commerce." *Id.* § 7903(4).

3

15 U.S.C. § 7903(5)(B). That's exactly what the plaintiffs allege here: that Academy (concededly, a "seller") supplied a "gun and 30-round magazine" to another person when Academy knew or reasonably should have known that the person was likely to (and did) use the products to cause unreasonable risk of physical harm to himself and others. Because that claim falls within the Act's definition of "negligent entrustment," it is not a "qualified civil liability action" and the PLCAA does not bar it. *See id.* § 7903(5)(A)(ii).

Nevertheless, the Court concludes that the PLCAA bars the negligent-entrustment claim because Texas common law does not recognize negligent entrustment as a valid claim against a product's seller. *Ante* at ___. The Court reasons that because the PLCAA states that its provisions shall not be "construed to create a public or private cause of action," the Court may utilize the Texas common-law meaning of "negligent entrustment" to determine whether the PLCAA bars the plaintiffs' claim. *Ante* at ___ (quoting 15 U.S.C. § 7903(5)(C)). In other words, in the Court's view, whether the PLCAA's exception applies depends on whether the claim is viable under state law. The Court thus concludes the PLCAA's exception for negligent-entrustment claims does not apply (and the PLCAA thus bars the plaintiffs' claim) because "Texas does not recognize a cause of action for negligent entrustment based on the *sale* of property." *Ante* at ___ (emphasis added).

But the PLCAA does not leave room for this Court to supplement the Act's definition of "negligent entrustment" with Texas common law. It states that its bar does not apply to negligent-entrustment actions "brought against *a seller*," and it defines "negligent entrustment" to mean "*a seller*" supplying a qualified product "when *the seller* knows, or reasonably should know, the person to whom the product is supplied is likely to, and does, use the product in a manner involving

4

unreasonable risk of physical injury to the person or others." 15 U.S.C. § 7903(5)(A)(ii), (B) (emphasis added). And it defines "seller" to include any importer, dealer, or other person engaged in the business of importing, dealing, or selling firearms or ammunition. *Id.* § 7903(6). Regardless of any substantive state law, a claim asserting that "a seller" negligently sold a firearm or ammunition is not a "qualified civil liability action" under the PLCAA, so the PLCAA does not bar it. Whether state law will independently support such a claim presents a separate question entirely.

The Court supports its conclusion that the Act bars this negligent-entrustment claim by citing to other courts that have also adopted its reasoning.[5] *Ante* at ___. Others, however, have recognized that whether the PLCAA bars a claim and whether the claim is viable under state law present two different issues that must be addressed separately.[6] Still others have been inconsistent

---

[5] *See, e.g.*, *Prescott v. Slide Fire Sols., LP*, 410 F. Supp. 3d 1123, 1132–33, 1140 n.10 (D. Nev. 2019) (noting that "[b]ecause the PLCAA does not 'create a public or private cause of action or remedy,' courts look to state law" and concluding that plaintiffs' claims that the defendant *indirectly* entrusted a firearm did "not support an exception to the PLCAA because they are not cognizable under the facts of this case" (citation omitted) (quoting 15 U.S.C. § 7903(5)(C))); *Phillips v. Lucky Gunner, LLC*, 84 F. Supp. 3d 1216, 1225 (D. Colo. 2015) ("Although the PLCAA identifies negligent entrustment as an exception to immunity, it does not create the cause of action. Accordingly, the claim arises under state law." (citation omitted) (citing 15 U.S.C. § 7903(5)(C))); *Bryant-Bush v. Shawnee Gun Shop, Inc.*, No. 09-00397-CV-W-REL, 2011 WL 13177539, at *3 (W.D. Mo. Mar. 29, 2011) ("Because these exceptions are not to be construed 'to create a public or private cause of action or remedy,' the Court must look to state common law." (quoting 15 U.S.C. § 7903(5)(C))).

[6] *See, e.g.*, *Corporan v. Wal-Mart Stores E., LP*, No. 16-2305-JWL, 2016 WL 3881341, at *6 (D. Kan. July 18, 2016) (denying PLCAA dismissal motion and permitting plaintiff to amend complaint to include allegations matching PLCAA's definition, noting that defendants "focus only on the language of the negligent entrustment exception to the PLCAA and do not address plaintiff's argument that she has otherwise stated a claim for negligent entrustment under Kansas and Missouri law"); *Delana v. CED Sales*, 486 S.W.3d 316, 324, 326 (Mo. 2016) (en banc) (holding that the PLCAA does not bar a state-law claim, "even if it is not denominated as a 'negligent entrustment' claim under state law, if it falls within the [PLCAA's] definition of a 'negligent entrustment' claim," and concluding the claim was "not preempted by the PLCAA *and* is recognized by Missouri law" (emphasis added) (quoting *Noble v. Shawnee Gun Shop, Inc.*, 409 S.W.3d 476, 480 (Mo. Ct. App. 2013)); *Noble*, 409 S.W.3d at 485 (dismissing negligent-entrustment claims as not viable under state law, even though they fell within the PLCAA's definition), *abrogated by Delana*, 486 S.W.3d at 326; *Gilland v. Sportsmen's Outpost, Inc.*, No. X04CV095032765S, 2011 WL 2479693, at *13 (Conn. Super. Ct. May 26, 2011) (holding PLCAA exception did not apply because

or unclear in their analysis.[7] While other courts' reasoning provides helpful guideposts, our precedent controls and confirms that *the Act's* definition of "negligent entrustment" must govern whether *the Act's* exception for negligent-entrustment claims applies.

"Courts must adhere to legislative definitions of terms when they are supplied." *Youngkin v. Hines*, 546 S.W.3d 675, 680 (Tex. 2018). We held in *Youngkin* that, because the Texas Citizens Participation Act (TCPA) expressly defined the phrase "exercise of the right to petition," we could not rely on the constitutional meaning of that phrase to inject additional requirements into the statute's definition. *Id.*[8] Instead, because we were construing and applying the TCPA and the TCPA expressly defined the phrase, we were "bound by the statutory definition for the purposes of the TCPA," the constitutional meaning was "irrelevant," and injecting additional requirements based on the constitutional meaning "would be disloyal to [the] enacted text." *Id.* at 681. In the same way, because the PLCAA expressly defines the phrase "negligent entrustment," we cannot

---

plaintiffs' allegations did not fit the PLCAA's definition of negligent entrustment, "under which the seller must provide the firearm to the person 'for use'" (quoting 15 U.S.C. § 7903(5)(B))).

[7] *See, e.g.*, *Soto v. Bushmaster Firearms Int'l, LLC*, 202 A.3d 262 (Conn. 2019), *cert. denied sub nom. Remington Arms Co., LLC, et al. v. Soto*, 140 S. Ct. 513 (2019). After noting that the parties disagreed over whether the plaintiffs' negligent-entrustment claims had to meet state-law requirements or the PLCAA's definition, the *Soto* court concluded that because the plaintiffs failed to plead a valid state-law claim, it did not need to consider whether the claim had to meet the PLCAA's "stricter requirements." *Id.* at 278–79. But it then concluded that because the plaintiffs had not pleaded a valid claim under state law, "the plaintiffs' action cannot proceed under the negligent entrustment exception to immunity under PLCAA." *Id.* at 283.

[8] The Texas Government Code requires, and we have routinely affirmed, that words and phrases that have acquired a particular meaning by legislative definition "shall be construed accordingly." TEX. GOV'T CODE § 311.011(b); *see Cadena Comercial USA Corp. v. Tex. Alcoholic Beverage Comm'n*, 518 S.W.3d 318, 326 (Tex. 2017) (relying on statutory definition for terms with express definitions and relying on "ordinary meaning" for undefined terms where phrase at issue included defined and undefined terms); *Transp. Ins. Co. v. Faircloth*, 898 S.W.2d 269, 273–74 (Tex. 1995) (holding Court was bound to construe terms in Deceptive Trade Practices Act "in accordance with their statutory definitions" and disagreeing with trial court's decision to "substitute[] the words 'ordinary person' for 'consumer,'" which had a statutory definition (citing TEX. GOV'T CODE § 311.011)).

rely on the Texas common-law understanding of that phrase to inject additional requirements into the PLCAA's definition. *See TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011) ("If a statute uses a term with a particular meaning or assigned a particular meaning to a term, we are bound by the statutory usage." (citing *Tex. Dep't of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex. 2002))). In construing and applying the PLCAA, we are bound by the PLCAA's definition, the Texas common-law understanding is irrelevant, and the Court's injection of additional requirements is disloyal to the PLCAA's text. *See Youngkin*, 546 S.W.3d at 680–81.

The PLCAA's statement that it does not "create" a cause of action does not somehow alter its definition or exception for "negligent entrustment" claims. 15 U.S.C. § 7903(5)(C). It simply does not create an independent, substantive federal right to recovery based on "negligent entrustment" by a "seller." And the Act's exemption of negligent-entrustment claims from its prohibition against the *filing* of certain claims does not thereby grant permission to *recover* on any claim. "While the Act may exempt 'negligent entrustment' claims from mandatory dismissal under federal law, it does not affirmatively authorize or establish such claims—it simply does not extinguish them." *Noble*, 409 S.W.3d at 480.

Thus, the PLCAA describes the category of civil actions it prohibits, excludes "negligent entrustment" actions from that category, and clarifies that none of its provisions establish a federal cause of action. By defining and excepting a negligent-entrustment claim, the Act does not prohibit the filing of a claim that fits within its definition, but it also does not create a cause of action that state law does not recognize. If a claimant asserts a claim that fits within the Act's definition, state law may prohibit it, but the PLCAA does not.

7

## II.
## Texas Law

Although the PLCAA does not bar the plaintiffs' negligent-entrustment claim, I agree with the Court that the claim fails under Texas law. *Ante* at ___. Some states have held that, under the common law, one who sells a product can be liable for negligently entrusting it to the buyer.[9] In Texas, however, we long ago approved the Fourth Court of Appeals' holding that a claim for negligent entrustment does not apply when the defendant sells the product to a buyer. *See Rush v. Smitherman*, 294 S.W.2d 873, 875 (Tex. App.—San Antonio 1956, writ ref'd) ("The rule of negligent bailments at common law does not embrace sales of vehicles."). Texas courts of appeals have consistently adhered to this holding, reasoning that a party who has fully relinquished ownership and control of a product no longer has a duty to ensure it is used safely.[10] We have since

---

[9] *See, e.g.*, *Delana*, 486 S.W.3d at 325 ("Like the Restatement, Missouri common law recognizes that the defendant's status as a seller does not preclude liability when the defendant sells a dangerous product to a purchaser with knowledge that that [sic] the purchaser will likely be unable to use the product without posing an unreasonable risk of physical harm to herself or others."); RESTATEMENT (THIRD) OF TORTS: PHYSICAL & EMOTIONAL HARM § 19 (AM. L. INST. 2010) ("The conduct of a defendant can lack reasonable care insofar as it foreseeably combines with or permits the improper conduct of the plaintiff or a third party.") & cmt. h, reporter's note (discussing cases); RESTATEMENT (SECOND) OF TORTS § 390 (AM. L. INST. 1965) ("One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.").

[10] *See, e.g.*, *Triple R Auto Sales v. Fort Worth Transp. Auth.*, No. 2-08-173-CV, 2009 WL 161039, at *1 (Tex. App.—Fort Worth Jan. 22, 2009, no pet.) (mem. op.) ("Texas courts have refused to expand negligent entrustment liability to sellers."); *Jaimes v. Fiesta Mart, Inc.*, 21 S.W.3d 301, 304 (Tex. App.—Houston [1st Dist.] 1999, pet. denied) ("Texas courts have declined, however, to adopt section 390 and to impose this duty on *sellers* of chattels."); *Nat'l Convenience Stores, Inc. v. T.T. Barge Cleaning Co.*, 883 S.W.2d 684, 685 (Tex. App.—Dallas 1994, writ denied) ("Texas does not recognize a cause of action for negligent entrustment in sales."); *Salinas v. Gen. Motors Corp.*, 857 S.W.2d 944, 948 (Tex. App.—Houston [1st Dist.] 1993, no writ) ("Texas courts have refused to expand negligent entrustment liability to sellers, much less manufacturers of automobiles."); *see also Allen v. Wal-Mart Stores, LLC*, No. CV H-16-1428, 2017 WL 978702, at *10 (S.D. Tex. Mar. 14, 2017) (referring to "negligent entrustment" as "a cause of action which Texas Courts have refused to expand to sellers").

reaffirmed that reasoning, *F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 686 (Tex. 2007) ("[T]he basis for imposing liability on the owner of the thing entrusted to another is that ownership of the thing gives the right of control over its use." (citing W. PAGE KEETON ET AL., PROSSER AND KEETON ON THE LAW OF TORTS § 73 (5th ed. 1984)), and I agree with the Court's decision reaffirming it again today. *See ante* at ___.

In this case, Academy sought summary judgment on the negligent-entrustment claim not only on the ground that the PLCAA bars the claim, but also on the ground that the third party "*bought* the firearm from Academy; he did not *borrow* it." And in this Court, Academy has requested mandamus relief because "[t]he sale of goods cannot support a negligent entrustment claim in Texas" and "negligent entrustment is not recognized in Texas when there is a sale of a good, such as a firearm, instead of a loan of the item." Under Texas law, Academy was (and is) entitled to summary judgment on this ground.

### III.
### Conclusion

Ordinarily, I would hesitate to grant mandamus relief based on the trial court's denial of a summary-judgment motion, particularly when the motion's grounds do not affect the trial court's jurisdiction or the party's immunity against the claims asserted. But I agree with the Court that Academy is entitled to mandamus relief to require dismissal of the plaintiffs' other claims because the PLCAA provides that those claims "may not be brought in any Federal or State court." 15 U.S.C. § 7902(a). In the interest of judicial economy, I agree that Academy is also entitled to mandamus relief to require dismissal of the plaintiffs' negligent-entrustment claim, but I do so

9

because the claim fails under Texas law, not because the PLCAA bars it. I therefore respectfully concur in the Court's judgment, but not fully in its reasoning.

_____
Jeffrey S. Boyd
Justice

Opinion delivered: June 25, 2021