# WILLIAM GLENN BOSSERMAN, by WILLIAM E. BOSSERMAN, his Next Friend, Respondent v. WILLIAM P. SMITH, Appellant.

### Kansas City Court of Appeals, November 8, 1920.

1. **NEGLIGENCE: Fireworks: Sale to Minor: Dangerous Article: Actionable Wrong.** Where a piece of fireworks, known as a "mine," and by seller to be highly inflamable and dangerous, is sold to a child and no warning given of its dangerous character, the sale of such an article is an actionable wrong for which the seller will be held liable for damages resulting to the child as proximate consequence thereof.

2. ———: ———: **Explosives: Proximate Cause: Injury Reasonably Anticipated.** Where the article sold is inherently dangerous and placed in the hands of a child of tender years who did not know its dangerous character, but was told that it was a "red fire" which was not explosive or dangerous, and injury followed as a direct unbroken sequence of the defendant's act in thus selling the article, and the result was one which ordinarily prudent persons would anticipate or expect, though it is not necessary that the precise injury or damage should be foreseen, the selling of the same is the proximate cause of the injury.

3. **EVIDENCE: Impeachment.** Where there is no certainty as to who made certain statements and no foundation laid for the introduction of such so-called impeaching testimony, the same is inadmissible.

4. **NEGLIGENCE: Seller Liable Though Sale Made to Companion and Not to Injured Child.** Where the dangerous explosives were sold to the plaintiff and her immature companion, who were together when the purchase was made, the defendant is liable even though plaintiff's companion who did not make purchase was injured while trying to ignite the same.

5. ———: **Explosives: Discharge Prohibited by Ordinance: Contributory Negligence.** Where the plaintiff was told that the article was a "red fire" and he did not know it was an explosive productive of an unusual noise but thought it was a harmless color maker, he was not guilty of a misdemeanor under an ordinance prohibiting the discharge of explosives and could not be charged with contributory negligence as a matter of law.

205 App.—42

Appeal from Clay County Circuit Court.—*Hon. Frank P. Divelbiss,* Judge.

AFFIRMED.

*Robert T. Stephens* and *Martin E. Lawson* for respondent.

*Craven & Bates* and *Ernest G. Simrall* for appellant.

TRIMBLE, J.—Plaintiff, a minor, brought this action, through his next friend, to recover of defendant damages for an injury to his face and eyes caused by the explosion of a certain piece of fireworks known as a "mine," which was known by defendant to be highly inflammable, explosive and dangerous to children, and which it is alleged the defendant negligently sold to said minor and negligently failed to warn him of its dangerous character.

The evidence adduced in plaintiff's behalf amply tended to show that plaintiff, a boy, eight and one-half years old, in company with a little girl as immature as he, on the 4th of July, 1917, went into defendant's store in Excelsior Springs and, seeing a red cylinder about 10 inches high, $2\frac{1}{4}$ inches in diameter with a wooden base $2\frac{1}{2}$ inches square, asked the clerk what it was and he informed them it was "red fire." It seems that "red fires" are a kind of fireworks which, when ignited and set down, burn with a beautiful, small red light but which do not explode or send up flames to any distance therefrom. Desiring to buy some "red fires" the children asked the price of it and were told it was 25 cents. They had 30 cents between them and they bought it and with their remaining nickle bought some little "red fires." The 25-cent article, however, was not a "red fire" at all, but a thing known in fireworks parlance as a "mine" which, when fired, explodes and throws a stream of fire high into the air, an exceedingly dangerous thing for children to have, well known to be

such, and which the clerk and defendant knew, or should have known, was very dangerous. No warning was given to the children of its dangerous character, however, and they were allowed to take the "mine" away from the store, thinking and believing that it was a "red fire" as the clerk had told them. The children took it to where they were playing and where they were having some "sparklers" and other small but harmless fireworks, the former of which when ignited merely sparkled and the latter merely gave off a little popping noise when stepped upon. There was a fuse attached to the "mine" and this the children lighted and it burned down to the cylinder and then went out. After playing with their "sparklers" awhile, plaintiff, while standing over the "mine" or "red fire," as he thought it was, stuck a sparkler into the end thereof, whereupon it exploded and threw an intense flame upward severely burning his face and eyes and injuring his sight.

There is no question but that the "mine" was an exceedingly dangerous article to be placed in the hands of a child of tender years, and it is well established that the sale of such an article to such a child is an actionable wrong for which the seller will be held liable in case damage results to the child as a proximate consequence thereof. [Binford v. Johnston, 82 Ind. 426; McEldon v. Drew, 138 Iowa, 390; Carter v. Towne, 98 Mass. 567; Osborne v. McMasters, 40 Minn. 103.]

The petition undoubtedly stated a cause of action and the proof amply supported it and made out a case.

It is urged that the selling of the mine was not the proximate cause of the injury, but clearly it was. This is a case where the article sold was *inherently dangerous*, and placed in the hands of a child who not only did not know its dangerous character but was told that it was "red fire" which was not explosive or dangerous and the harmless character of which the boy well knew. The injury followed as the direct unbroken sequence of the defendant's negligent act in thus selling the article, and it was a result which any ordinarily prudent person would anticipate or expect, though it is not necessary

that the precise injury or damage should be foreseen. [Hartnett v. Boston Store, 265 Ill. 331; Binford v. Johnston, supra.]

There was no error in excluding the evidence of the police judge to the effect that *either* the plaintiff *or* his mother had stated in his office that the little girl had bought the mine and had thrown it in the grass when it would not burn and the boy had got it out of the grass and was trying to ignite it when hurt. In the first place there was no foundation laid for the introduction of such so-called impeaching testimony; and in the next place there was no certainty as to who made the statements. [State v. Curtner, 262 Mo. 214, 218; State v. DeVorss, 221 Mo. 469, 474; Bowman v. Marceline Coal & Mining Co., 168 Mo. App. 703, 706.] The boy and girl were together when the purchase was made, and, so far as the liability of the defendant is concerned, that would be the same if the injury came about in the way sought to be shown by the alleged statements. [Binford v. Johnston, supra.] There would have been no discrepancy between the pleading and the proof in that case since the petition alleged the sale was to plaintiff and his immature companions.

Finally it is urged that plaintiff was guilty of contributory negligence as a matter of law and for that reason cannot recover. This contention is based upon the fact that under an ordinance of the city of Excelsior Springs, set up by defendant in his answer, it was a misdemeanor to shoot off or discharge any cannon crackers or fireworks, or thing of an explosive nature, that would cause "an unusual noise" within the city limits. But the boy, having been told that the article was a "red fire," did not know it was an explosive productive of "an unusual noise" that he was setting off, but thought it was a harmless color-maker only. He could hardly be charged with contributory negligence because in good faith he relied upon the representation of defendant that it was a "red fire." Cases where children were trespassers and were hurt while violating the law are not in point

Such, for example, are the cases of Williams v. St. Joseph, 166 Mo. App. 299; Barney v. Hannibal, etc., R. Co., 126 Mo. 372.] It is difficult to see how in this case there could be contributory negligence as a matter of fact on the part of the boy. However, that question was submitted to the jury and they found he was not negligent.

No reversible error appearing in the record, the judgment must be, and is, affirmed. All concur.