King v Klocek (2020 NY Slip Op 05619)





King v Klocek


2020 NY Slip Op 05619


Decided on October 9, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.


368 CA 19-01315

[*1]TIMOTHY J. KING AND CHRISTINA A. KING, INDIVIDUALLY AND AS ADMINISTRATORS OF THE ESTATE OF ANTHONY C. KING, DECEASED, PLAINTIFFS-RESPONDENTS,
v
JAKE OWEN KLOCEK, ET AL., DEFENDANTS-RESPONDENTS, AND CABELA'S INC., DEFENDANT-APPELLANT. 






RANZULLI LAW FIRM, LLP, WHITE PLAINS (SCOTT C. ALLAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
BRADY CENTER TO PREVENT GUN VIOLENCE, LEGAL ACTION PROJECT, WASHINGTON, D.C. (JONATHAN E. LOWY, OF THE WASHINGTON, D.C. BAR, ADMITTED PRO HAC VICE, OF COUNSEL), SHAW & SHAW, P.C., HAMBURG, AND JEFFREY F. VOELKL, ESQ., LL.M., WILLIAMSVILLE, FOR PLAINTIFFS-RESPONDENTS.


 Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered June 6, 2019. The order denied the motion of defendant Cabela's Inc. to dismiss the second amended complaint and all cross claims against it. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant Jake Owen Klocek shot and killed Anthony C. King using a handgun that he allegedly found at the house where he was housesitting and ammunition that he allegedly purchased from Cabela's Inc. (defendant). Plaintiffs commenced this action against Klocek, the owners of the house where Klocek was housesitting, and defendant, alleging, inter alia, that defendant is liable for the shooting because defendant negligently sold handgun ammunition to Klocek. Relying on the Protection of Lawful Commerce in Arms Act ([PLCAA] 15 USC § 7901 et seq.) and CPLR 3211 (a) (7), defendant moved to dismiss the second amended complaint and all cross claims against it. We conclude that Supreme Court properly denied the motion.
The PLCAA prohibits the bringing of "qualified civil liability action[s]," rendering them subject to immediate dismissal (15 USC
§ 7902 [a], [b]). We agree with defendant that this action "falls within the PLCAA's general definition of a 'qualified civil liability action' " (Williams v Beemiller, Inc., 100 AD3d 143, 147 [4th Dept 2012], amended on rearg 103 AD3d 1191 [4th Dept 2013], quoting § 7903 [5] [A]), inasmuch as it is a civil action brought by "any person" against a seller of a qualified product, i.e., ammunition, for damages resulting from the criminal or unlawful misuse of that product by a third party (§ 7903 [5] [A]; see generally Ileto v Glock, Inc., 565 F3d 1126, 1131-1132 [9th Cir 2009], cert denied 560 US 924 [2010]). Nevertheless, a qualified civil liability action does not include, among other things, "an action brought against a seller for negligent entrustment or negligence per se" (§ 7903 [5] [A] [ii]) or "an action in which a manufacturer or seller of a qualified product knowingly violated a State or Federal statute applicable to the sale or marketing of the product, and the violation was a proximate cause of the harm for which relief is sought" (§ 7903 [5] [A] [iii]).
"On a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction (see CPLR 3026). We accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88 [1994]). Here, contrary to defendant's contention, the allegations of the second amended complaint are sufficient to withstand defendant's CPLR 3211 (a) (7) motion to dismiss.
In the second amended complaint, plaintiffs allege that defendant violated 18 USC § 922 (b) (1) and Penal Law § 270.00 (5) when defendant allegedly sold "handgun ammunition" to Klocek, who was 20 years old at the time. The federal statute prohibits the sale or delivery of ammunition "other than . . . ammunition for a shotgun or rifle" to anyone the seller or deliverer "knows or has reasonable cause to believe is less than twenty-one years of age" (18 USC § 922 [b] [1]). The state statute prohibits the sale of ammunition "designed exclusively for use in a pistol or revolver" to anyone not authorized to possess a pistol or revolver (Penal Law § 270.00 [5]). Plaintiffs' allegations, if true, establish that defendant committed a predicate offense under 15 USC § 7903 (5) (A) (ii) and, as a result, establish that this action is not a qualified civil liability action and not subject to immediate dismissal.
Defendant nonetheless contends that the court should have granted its request to take judicial notice of the purported fact that the ammunition sold to Klocek could be used interchangeably in rifles and shotguns, as supported by various commercial websites of firearm ammunition manufacturers and retailers. We reject that contention. Based on the record before us, we conclude that the purported fact is not "capable of immediate and accurate determination by resort to easily accessible sources of indisputable accuracy" (Hamilton v Miller, 23 NY3d 592, 603 [2014] [internal quotation marks omitted]; see Matter of Murrah v Jain Irrigation, Inc., 157 AD3d 1088, 1089 [3d Dept 2018]). In any event, defendant's submissions in that regard are insufficient to conclusively establish that plaintiffs have no cause of action (see Doe v Ascend Charter Schs., 181 AD3d 648, 650 [2d Dept 2020]; see generally Rovello v Orofino Realty Co., Inc., 40 NY2d 633, 636 [1976]). We thus conclude that defendant did not establish that the second amended complaint failed to state a cause of action or was otherwise preempted by the PLCAA.
In light of our conclusion that the second amended complaint alleges sufficient facts to bring this action within the PLCAA's predicate exception (15 USC § 7903 [5] [A] [iii]), the "action" is not subject to dismissal at this stage of the proceeding (§ 7902 [b]), and we do not address defendant's contentions regarding the negligent entrustment and negligence per se exceptions to immunity (see Williams, 100 AD3d at 151; Chiapperini v Gander Mtn. Co., Inc., 48 Misc 3d 865, 876 [Sup Ct, Monroe County 2014]; Corporan v Wal—Mart Stores E., LP, 2016 WL 3881341, *4 n 4 [D Kan, July 18, 2016, No. 16-2305-JWL]; cf. Delana v CED Sales, Inc., 486 SW3d 316, 321 [Mo 2016]; Estate of Kim v Coxe, 295 P3d 380, 386 [Alaska 2013]).
Entered: October 9, 2020
Mark W. Bennett
Clerk of the Court