

# Missouri Court of Appeals
## Western District

| | |
|---|---|
| JODY HENDRICK, ET AL., | ) |
| | ) **WD86911** |
| Appellants, | ) |
| v. | ) **OPINION FILED:** |
| | ) |
| ACADEMY I, LP, D/B/A ACADEMY | ) **October 29, 2024** |
| SPORTS + OUTDOORS, ET AL., | ) |
| | ) |
| Respondents. | ) |
| | ) |

**Appeal from the Circuit Court of Jackson County, Missouri
The Honorable James F. Kanatzar, Judge**

**Before Division Three:  Mark D. Pfeiffer, Presiding Judge,
Thomas N. Chapman, Judge, and Janet Sutton, Judge**

Jody and Jessica Hendrick ("Hendrick")[1] appeal the Jackson County Circuit

Court's dismissal of their action for negligence and loss of consortium against Academy

I, LP d/b/a Academy Sports + Outdoors ("Academy Sports"), and Christopher Gaither

("Gaither" and collectively "Defendants") based on the federal Protection of Lawful

---

[1] This opinion will refer to the Hendricks in the singular form because the claim of Judy Hendrick for loss of consortium is derivative of Jody Hendrick's negligence claim.  "A claim for loss of consortium is derivative only; for one spouse to recover for loss of consortium, the other spouse must have a valid claim for personal injury." *Price v. Thompson*, 616 S.W.3d 301, 314 (Mo. App. W.D. 2020) (internal quotes and citation omitted).

Commerce in Arms Act, 15 U.S.C. section 7901, *et seq.* ("PLCAA" or "Act"). Hendrick alleged that Defendants were negligent in failing to implement safeguards at an Academy Sports store concerning a firearm and ammunition, which were stolen at knifepoint and then used to shoot him several times. Hendrick raises two points on appeal. In his first point, he contends that the trial court erred in granting Defendants' motion to dismiss because his claim did not constitute a "qualified civil liability action" as defined by the PLCAA in that there was not a "sale" of a firearm. In point two, Hendrick argues that the trial court erred in denying his alternative request to amend the petition pursuant to Rule 67.06 to allege a recognized exception in the PLCAA, negligent entrustment. The judgment is affirmed.

## Factual and Procedural Background[2]

Academy Sports is a retail seller of firearms and ammunition lawfully doing business in Missouri, and at all relevant times, Gaither was an employee of Academy Sports. On January 2, 2020, an individual entered the Academy Sports store in Liberty, approached the gun counter, contacted Gaither, and said he was interested in seeing a handgun. Gaither retrieved the requested handgun from a locked safe and handed control of it to the individual to look over, handle, and inspect. The handgun was not equipped with any trigger locking mechanism, and Gaither did not perform any background or ID check before providing it to the individual. The individual informed Gaither that he

---

[2] The facts set forth below, taken from Hendrick's petition, are treated as true and are liberally construed in favor of the plaintiffs. *Lynch v. Lynch*, 260 S.W.3d 834, 836 (Mo. banc 2008).

wanted to purchase the handgun, and Gaither asked him for his driver's license, which he provided. At some point during the exchange, the individual placed a box of ammunition he had obtained from a nearby shelf onto the counter within his reach. Gaither also allowed the handgun to remain on the counter within the individual's reach while he ran a required background check. The background check came back "Denied." The individual then opened his coat, pulled out a knife, jumped over the counter, and grabbed the handgun and ammunition. Upon seeing the knife, Gaither ran out from behind the counter.

The individual exited the store with the handgun and ammunition, ran to his vehicle, and drove directly to Landmark Dodge in Independence. He entered the used car area, approached Hendrick, and shot him several times at point blank range with the handgun and ammunition obtained from Academy Sports. The individual started to leave, paused at the doorway, and reentered the business and shot Hendrick again at point blank range. Hendrick was rushed to the hospital with gunshot wounds to his head, torso, and leg.

On February 9, 2023, Hendrick filed his petition against Defendants for negligence. He alleged that Defendants were negligent in the following ways:

> Failure to properly inspect and maintain the area in question to discover the dangerous condition thereof (the accessibility of both the firearm and the ammunition);

> Failure to conduct a firearm background check prior to allowing a customer to handle and/or inspect a firearm for purchase;

3

Failure to place the unpurchased firearm back into a locked drawer, safe, or display case while conducting a firearm background check;

Failure to remove the magazine from the firearm when relinquishing control of the firearm;

Failure to place and/or keep a security lock function on firearms until after a customer has purchased the firearm; and

Failure to correct the aforementioned dangerous conditions.

Hendrick also alleged that Gaither was negligent for failure to ensure the firearm was not accessible to the customer and that Academy Sports was negligent for failure to store ammunition in a locked cabinet; for failure to store firearms and ammunition in different locked areas of the store; for failure to implement safeguards including but not limited to proper security measures such as alarm sounds, locks, and/or proper staffing; and for failure to properly train staff regarding the dangers of allowing customers access to ammunition and firearms before completing a proper background check.

Hendrick further alleged that, as a result of Defendants' actions or inactions, he suffered severe personal injuries to his face, head, neck, and upper body, experienced severe physical and mental anguish, incurred medical expenses, and will likely continue to incur expenses in the future. Judy Hendrick alleged that, as a result of Hendrick's injuries, she suffered and will continue to suffer the loss of consortium of her husband.

On July 10, 2023, Defendants filed a motion to dismiss Hendrick's petition pursuant to the PLCAA and for failure to state a claim upon which relief can be granted under Rule 55.27(a)(6). They asserted that Hendrick's claim was barred by the PLCAA,

a federal immunity statute that prohibits a civil action from being filed against a seller of a firearm or ammunition for damages resulting from the criminal or unlawful use of the firearm or ammunition by a third party. Specifically, they argued that Hendrick's negligence claim was a qualified civil liability action prohibited by the PLCAA and was not one of the six narrow exceptions under the Act.

In his suggestions in opposition to Defendants' motion to dismiss, Hendrick argued that the PLCAA did not apply to the facts of the case because the Act involves "commerce" or the "sale" of firearms. He asserted that his case involved Defendants' negligent storage and access to firearms and ammunition at the Liberty store, not the legal sale of a firearm and a third-party bad actor. In the alternative, Hendrick requested an opportunity to amend his petition under Rule 67.06 "to correct any pleading deficiencies" the court might find.

On January 22, 2024, the trial court entered its judgment and order of dismissal granting Defendants' motion to dismiss pursuant to the PLCAA. It found that the Act generally protects parties engaged in firearms commerce from litigation rather than specifically in the course of an actual distribution or sale as argued by Hendrick.

This appeal by Hendrick followed.

**Standard of Review**

"The standard of review for a trial court's grant of a motion to dismiss is *de novo*." *Lynch v. Lynch*, 260 S.W.3d 834, 836 (Mo. banc 2008). In reviewing the dismissal of a petition for failure to state a claim, the facts contained in the petition are treated as true

and are liberally construed in favor of the plaintiffs.  *Id.*  A "petition states a cause of action if its averments invoke principles of substantive law that may entitle the plaintiff to relief."  *Id.* (internal quotes and citation omitted).

## Point One

In his first point on appeal, Hendrick contends that the trial court erred in dismissing his petition based on the PLCAA.  He argues that his claim does not constitute a "qualified civil liability action" as defined in the PLCAA because there was not, and he did not allege, a "sale" of a firearm.

The PLCAA provides that "[a] qualified civil liability action may not be brought in any Federal or State court."  15 U.S.C. § 7902(a).  "A qualified civil liability action…shall be immediately dismissed by the court in which the action was brought or is currently pending."  15 U.S.C. § 7902(b).  A "qualified civil liability action" is defined in the PLCAA as "a civil action…brought by any person against a manufacturer or seller of a qualified product…for damages…resulting from the criminal or unlawful misuse of a qualified product by the person or a third party."  15 U.S.C. § 7903(5)(A).  A "qualified product" includes a firearm and ammunition.  15 U.S.C. § 7903(4).  Certain actions are expressly excluded from the definition of a "qualified civil liability action" including actions for negligent entrustment, negligence per se, and knowing violation of state or

federal statutes applicable to the sale or marketing of the product. 15 U.S.C. § 7903(5)(A)(ii, iii).[3]

Hendrick does not dispute Defendants are sellers and that the firearm and ammunition stolen from Defendants and used to shoot Hendrick are qualified products. He argues that this case is not a qualified civil liability action because there was not a "sale" of a firearm. Specifically, he asserts the PLCAA "clearly contemplat[es] an actual sale of a firearm," and "clearly states to be a 'qualified civil liability action,' the action must be against the seller for the ***sale of a qualified product***." He contends that the PLCAA "does not create blanket protection for sellers of firearms to be protected against all types of civil liability. If Congress intended to provide blanket immunity, it could have said the protections were for anyone who 'sold qualified products.'"

The primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute. *Black River Motel, LLC v. Patriots Bank*, 669 S.W.3d 116, 122 (Mo. banc 2023). Nothing in the PLCAA's definition of a qualified civil liability action refers to immunity applying only when a qualified product is sold. Hendrick provides no authority or support for his assertion, and his emphasized phrase "sale of a qualified product" is not found in the definition of "qualified civil liability action." "In construing a statute, courts cannot add statutory language where it does not exist; rather, courts must interpret the statutory language as written by the legislature."

---

[3] Other exceptions are set out in 15 U.S.C. § 7903(5)(A)(i, iv-vi).

*Peters v. Wady Indus., Inc.*, 489 S.W.3d 784, 792 (Mo. banc 2016) (internal quotes and citation omitted). Under the plain language of the PLCAA, immunity is provided to manufacturers and sellers of qualified products regardless of whether a sale was made. 15 U.S.C. § 7903(5)(A). Contrary to Hendrick's contention, the PLCAA does not provide manufacturers and sellers blanket protection against all types of civil liability, but it does prohibit actions for damages or other relief "resulting from the criminal or unlawful misuse of a qualified product by the person or a third party." *Id.*

Hendrick also argues that Congress's stated findings and purposes set out in section 7901 of the PLCAA demonstrate that Defendants are not protected by the Act for the claims made in this case. For instance, Congress found:

> Businesses in the United States that are engaged in interstate and foreign commerce through the lawful design, manufacture, marketing, distribution, importation, or *sale* to the public of firearms or ammunition products that have been shipped or transported in interstate or foreign commerce are not, and should not, be liable for the harm caused by those who criminally or unlawfully misuse firearm products or ammunition products that function as designed and intended.

15 U.S.C. § 7901(a)(5) (emphasis added). Additionally, one purpose of the Act is:

> To prohibit causes of action against manufacturers, distributors, dealers, and importers of firearms or ammunition products, and their trade associations, for the harm *solely* caused by the criminal or unlawful misuse of firearm products or ammunition products by others when the product functioned as designed and intended.

15 U.S.C. § 7901(b)(1) (emphasis added). Hendrick asserts that these provisions show the Act was not passed to give complete immunity to gun sellers but was intended to protect sellers of firearms and ammunition when they have made a legal sale. He

8

contends that his damages were not solely caused by the criminal use of a firearm and ammunition but also by Defendants' negligence in their storage practices and access to the firearm and ammunition, which allowed them to be stolen and used to commit a crime.

The Missouri Supreme Court considered whether the PLCAA prohibits general negligence claims and rejected similar assertions in *Delana v. CED Sales, Inc.*, 486 S.W.3d 316 (Mo. banc 2016). The Alaska Supreme Court case, *Estate of Kim ex rel. Alexander v. Coxe*, 295 P.3d 380 (Alaska 2013), cited in *Delana*, considered similar issues and is also instructive. In *Delana*, the plaintiff filed suit against a gun seller, its principal, and its store manager alleging, in part, that the defendants negligently sold a gun to her mentally ill daughter, who then used it to kill the plaintiff's husband. 486 S.W.3d at 319. In *Coxe*, the estate of a man killed with a rifle sued a gun store and its owner alleging, in part, that the defendants had negligently provided the shooter with the rifle when they left the rifle and the shooter unattended and the shooter took the rifle. 295 P.3d at 385. In both cases, the defendants were granted summary judgment based on the PLCAA. *Delana*, 486 S.W.3d at 320; *Coxe*, 295 P.3d at 385.

Both the *Delana* court and the *Coxe* court found that the plaintiffs' general negligence claims were qualified civil liability actions subject to immediate dismissal under the PLCAA. *Delana*, 486 S.W.3d at 321; *Coxe*, 295 P.3d at 386, 388. They reasoned that the specific exceptions for negligent entrustment and negligence per se confirm that the PLCAA preempts common law state tort actions, such as general

9

negligence claims, that do not fall within a statutory exception. *Delana*, 486 S.W.3d at 321; *Coxe*, 295 P.3d at 386 ("reading a general negligence exception into the statute would make the negligence per se and negligent entrustment exceptions a surplusage"). The courts further found that "[t]he PLCAA expressly preempts all general negligence actions seeking damages resulting from the criminal or unlawful use of a firearm, including those involving 'concurrent causation.'" *Delana*, 486 S.W.3d at 322 (quoting *Coxe*, 295 P.3d at 387).

The courts also rejected arguments by both plaintiffs that the congressional debates and stated purposes of the PLCAA demonstrated that the Act did not preempt negligence actions against firearm sellers, citing 15 U.S.C. section 7901(b)(1) and other provisions. *Delana*, 486 S.W.3d at 322; *Coxe*, 295 P.3d at 387. The *Delana* court found, "The general statement of the purpose of the PLCAA does not redefine the plain language of a statute." 486 S.W.3d at 322. It explained that "the statement of purpose does not overcome the fact that the specific substantive provisions of the PLCAA expressly preempt all qualified civil liability actions against firearms sellers, including claims of negligence." *Id*. The *Coxe* court reasoned that reliance on the congressional statement of purpose would "elevate the PLCAA's preamble over the substantive portion's clear language." 295 P.3d at 386-87.

The plain language of the PLCAA reveals an intent by Congress to bar any qualified civil liability action not falling within a statutory exception. *Coxe*, 295 P.3d at 388. While Hendrick's negligence claim seeks damages for Defendants' alleged

10

negligent storage and access to firearms and ammunition, it is also premised on damages resulting from the criminal or unlawful misuse of the products by the individual who stole them from Defendants and shot Hendrick. Such claim is a general negligence claim barred by the PLCAA. The trial court did not err in dismissing Hendrick's petition.

Point one is denied.

**Point Two**

In point two, Hendrick argues that the trial court erred in denying his alternative request to amend the petition pursuant to Rule 67.06 to allege a recognized exception in the PLCAA, negligent entrustment.

Rule 67.06 provides that on sustaining a motion to dismiss a claim, the trial court "shall freely grant leave to amend and shall specify the time within which the amendment shall be made or amended pleading filed." "Nonetheless, a party does not have an absolute right to file an amended petition." *Gross v. A New Missouri, Inc.*, 591 S.W.3d 489, 494 (Mo. App. W.D. 2019) (internal quotes and citation). "The denial of leave to amend is within the discretion of the trial court and presumed correct." *Id.* (internal quotes and citation omitted). "The burden is on the proponent to demonstrate that the trial court clearly and palpably abused its discretion." *Id.* (internal quotes and citation omitted). In determining whether to allow a party to amend a pleading, the trial court should consider a number of factors including:

> 1) hardship to the moving party if leave to amend is not granted; 2) reasons for failure to include any new matter in previous pleadings; 3) timeliness of

the application; 4) whether an amendment could cure any defects of the moving party's pleading; and 5) injustice to the party opposing the motion.

*Doran v. Chand*, 284 S.W.3d 659, 666 (Mo. App. W.D. 2009).

In his suggestions in opposition to Defendants' motion to dismiss, Hendrick alternatively requested an opportunity to amend his petition "to correct any pleading deficiencies" the court might find. He did not, however, provide any new or additional facts or claims that he wished to assert in an amended petition and did not attach a proposed amended petition to his response. For the first time on appeal, Hendrick argues that he should have been allowed to amend his petition to include a claim for negligent entrustment, a recognized exception under the PLCAA. He asserts that "Academy negligently entrusted the gun to someone that Academy KNEW had failed the federal background check and therefore should have immediately taken steps to ensure that this individual could not take possession of both the gun AND the ammunition." Hendrick does not identify any new or additional facts to support his negligent entrustment claim in his brief.

An amendment would not have cured the defects of Hendrick's petition. As discussed in point one, the PLCAA expressly excludes a negligent entrustment action from the qualified civil liability action definition. 15 U.S.C. § 7903(5)(A)(ii). The PLCAA defines "negligent entrustment" as:

> the supplying of a qualified product by a seller for use by another person when the seller knows, or reasonably should know, the person to whom the product is supplied is likely to, and does, use the product in a manner involving unreasonable risk of physical injury to the person or others.

12

15 U.S.C. § 7903(5)(B).  The Act does not, however, establish a cause of action for negligent entrustment.  15 U.S.C. § 7903(5)(C); *Delana*, 486 S.W.3d at 324.  Thus, a state-law claim may be asserted, even if not denominated as a negligent entrustment claim, if it falls within the definition provided in the Act.  *Delana*, 486 S.W.3d at 324.  Under the facts asserted by Hendrick, Hendrick cannot state a claim for negligent entrustment within the definition.

The PLCAA's definition of "negligent entrustment" is consistent with Missouri's negligent entrustment doctrine.  In Missouri, the doctrine is patterned after two sections of the Restatement (Second) of Torts, sections 308 and 390.  *Id.*; *Lockhart v. Carlyle*, 585 S.W.3d 310, 313 (Mo. App. W.D. 2019).  Section 390 defines "negligent entrustment" as:

> One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.

*Delana*, 486 S.W.3d at 325; *Lockhart*, 585 S.W.3d at 314 (both quoting Restatement (Second) of Torts, § 390).  Negligent entrustment liability is not premised on the legal status of the transaction as a lease, sale, bailment, or otherwise but occurs when the defendant "supplies" a chattel to another with actual or constructive knowledge that the entrustment creates an unreasonable risk of injury.  *Delana*, 486 S.W.3d at 325; *Lockhart*,

13

585 S.W.3d at 315.[4]   Section 390 is a special application of the rule stated in section 308.

Restatement (Second) of Torts § 390 cmt. b; *Lockhart*, 585 S.W.3d at 314.  Section 308

provides:

> It is negligent to permit a third person to use a thing or to engage in an activity which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others.

*Lockhart*, 585 S.W.3d at 313 (quoting Restatement (Second) of Torts § 308).  Comment a

of section 308 provides:

> The words "under the control of the actor" are used to indicate that the third person is entitled to possess or use the thing or engage in the activity only by the consent of the actor, and that the actor has reason to believe that by withholding consent he can prevent the third person from using the thing or engaging in the activity.

Restatement (Second) of Torts § 308 cmt. a.  The use of the terms "permit" and "consent"

and the phrase "under the control of the actor" in the section and the comment indicates

that the entrustment of the chattel must be authorized or approved by the person in

control of the chattel.  "[T]he Restatement does not encompass thefts of a chattel,

---

[4] The *Delana* court found that the defendant's status as a seller did not preclude liability for negligent entrustment, abrogating prior Missouri precedent that consistently held that a seller cannot be liable under a negligent entrustment theory because a seller permanently relinquishes any control over the chattel upon completion of the sale. *Delana*, 486 S.W.3d at 325-26; *Lockhart*, 585 S.W.3d at 315.  It held that the trial court erred in granting summary judgment in favor of the defendants on the plaintiff's negligent entrustment claim alleging that the defendant supplied (through a sale) a firearm and ammunition to her daughter with knowledge that her daughter's possession of them posed an unreasonable risk of harm to herself and others due to her severe, ongoing mental illness. *Delana*, 486 S.W.3d at 326.  It found that the claim was not preempted by the PLCAA and was recognized by Missouri law. *Id.*

14

especially where the person with control over the chattel is not on notice that the chattel will be used 'in a manner involving unreasonable risk of physical harm to…others.'" *Coxe*, 295 P.3d at 394-95 (quoting Restatement (Second) of Torts § 390).[5] Hendrick alleged that the individual that shot him took the firearm and ammunition from Defendants at knifepoint. The facts alleged by Hendrick do not support the exception for negligent entrustment under the PLCAA, and he does not identify any new or additional facts to support such claim. An amendment would not have cured the defects of Hendrick's petition. *Doran*, 284 S.W.3d at 666. The trial court, therefore, did not abuse its discretion in not granting Hendrick leave to amend his petition.

Point two is denied.

## Conclusion

The judgment is affirmed.

_____
Thomas N. Chapman, Judge

All concur.

---

[5] Because a factual issue existed regarding whether the shooter stole the rifle or whether the defendants sold the rifle or otherwise knowingly transferred it, the *Coxe* Court vacated the summary judgment entered in favor of the defendants on the plaintiff's negligent entrustment claim and remanded for further consideration. *Coxe,* 295 P.3d at 384, 395.

15